# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 6, 2001 Session

## RAYMOND G. PRINCE, P.C. v. MANFRED POLK

**Appeal from the Circuit Court for Davidson County**
**No. 00C713     Barbara N. Haynes, Judge**

---

**No. M2000-01859-COA-R3-CV - Filed August 14, 2001**

---

This matter originated from a default judgment granted in general sessions court against Appellant/Defendant, Manfred Polk,  for payment of attorney's fees.  Appellant filed a Rule 60.02 Motion to Vacate the default judgment, which was denied;  an appeal to the circuit court, which was dismissed for failure to set;  followed by a Motion to Reinstate and Motion to Set, which were denied.  Defendant now appeals the denial of the Motion to Reinstate and Motion to Set claiming a violation of due process and abuse of discretion on the part of the circuit court.  We affirm the circuit court's dismissal of these motions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Manfred Polk, Brentwood, Tennessee, Pro Se.

Raymond G. Prince, Nashville, Tennessee, Pro Se.

## MEMORANDUM OPINION[1]

        This matter began when Derrick B. Polk, son of Appellant/Defendant, Manfred Polk, was involved in an auto accident.  This accident precipitated hiring Plaintiff/Appellee, Raymond G. Prince, as his attorney.  Plaintiff was hired to represent Defendant's son in an action against his insurance company for benefits due under an insurance policy.  Plaintiff subsequently withdrew from

---

[1]Court of Appeals Rule 10(b):
        The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

the case and requested that Defendant or his son pay the outstanding attorney fees. Defendant wrote two letters to Plaintiff affirming that he would pay the bill but never did.

Plaintiff filed suit on February 12, 1999 in Davidson County General Sessions Court for payment of attorney's fees totaling $897.50. Service of process was obtained on February 19, 2000; a default judgment for $879.50 was entered against Defendant on June 4, 1999. Defendant did not appeal the default judgment. Eight months later, on February 10, 2000, Appellant filed a Rule 60.02 Motion to Vacate Default Judgment, Answer and Counter-Claim, and Affidavit in support thereof in general sessions court. The Motion to Vacate was denied. Defendant then appealed this denial to Davidson County Circuit Court but failed to obtain a trial date within 45 days as required by Local Rule 20(b). The circuit court dismissed Defendant's appeal. Defendant then filed a Motion to Reinstate and a Motion to Set. These Motions were denied. This appeal followed.

Defendant argued on appeal that the judge abused her discretion in failing to grant his Motion to Reinstate and that his due process rights were violated. The court finds Defendant's arguments to be without any merit whatsoever.

Defendant, alleges himself to be an attorney licensed to practice law in the state of New Jersey, was served with process and failed to take any action regarding the matter. Even after a default judgment was entered, Defendant failed to take any action for another 8 months, at which time he filed a Rule 60.02 Motion to Vacate. No appeal was ever filed from the actual default judgment. As such, this case could not have rightfully been before the circuit court. The time for appeal had run, and Rule 1 of the Tennessee Rules of Civil Procedure specifically states, "These rules shall not be applicable to courts of general session." Thus, the Rule 60.02 motion was improper.

However, this issue was never dealt with by the circuit court, as Defendant, once again, failed to follow court rules and did not file a motion to set withing 45 days pursuant to Local Rule 20(b). As a result, his appeal was rightfully dismissed. Defendant then tried to have his appeal reinstated, but the court denied his Motion to Reinstate and Motion to Set.

The facts of this case reveal absolutely no evidence of abuse of discretion on the part of the circuit court. Further, Defendant was given adequate notice and several opportunities to be heard, negating any allegation of a due process violation. The fact that he defiantly failed to take advantage of these opportunities, including oral argument requested before the Court of Appeals, cannot be the basis for finding lack of due process or abuse of discretion and further reveals the frivolous nature and the incongruous purpose of this appeal. The judgment of the circuit court is affirmed in all respects. Further, as this appeal was instituted without any legal or factual basis and merely for the purposes of delay, costs of this cause and attorney's fees incurred by Plaintiff are assessed against Appellant. Tenn. Code Ann. § 27-1-122. The case is remanded to the trial court for determination of the amount of attorney's fees.

_____
WILLIAM B. CAIN, JUDGE